**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| HECTOR CAMARILLO-CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>EBERRY HARVEST COMPANY, LLC, *et al.*,<br><br>Defendants. | : | CASE NO.: 7:26-CV-00031-WLS |

**ORDER**

Before the Court is the parties' joint motion to stay this case pending mediation and to modify the scheduling order. (Doc. 26.) The parties have agreed to mediate with a private mediator this fall and are working to select the mediator and date. (*Id.* ¶ 5.) They therefore move to stay this case for sixty days. (*Id.* ¶ 6.) They also request that the court extend the discovery deadlines so that, if mediation does not resolve the matter, they can resume discovery once the stay expires. (*Id.* ¶ 7.)

For good cause shown, the Court **GRANTS** the parties' joint motion, (Doc. 26), and **STAYS** this case for **sixty days**. The stay will automatically expire on **Monday, November 9, 2026**. The Scheduling Order, (Doc. 22), is **MODIFIED** as follows:

(1) Fact discovery must be completed by **Monday, February 8, 2027**, unless extended by the Court for good cause shown upon timely written motion by either party. The Court notes that extension will be freely granted if there is a showing of good cause upon due diligence.

(2) Motions to amend pleadings are due by **Friday, November 20, 2026**. A party may, by timely written motion upon good cause, move to extend the deadline.

(3) Motions to join another party are due by **Friday, November 20, 2026**. A party may, by timely written motion upon good cause, move to extend the deadline.

(4) Unless discovery is extended by order of the Court, all dispositive motions must be filed no later than **Wednesday, March 10, 2027.** In the event that discovery is extended, all dispositive motions must be filed no later than **thirty (30) days** after the close of discovery. Responses to dispositive motions must be filed no later than

**Wednesday, March 31, 2027**. However, in the event that discovery is extended, all responses to dispositive motions must be filed no later than **twenty-one (21) days** after the dispositive motion is filed.

(5) If applicable, each party must serve upon other parties, disclosures relating to expert witnesses, as required by Rule 26(a)(2)(A)-(B) of the Federal Rules of Civil Procedure, by the following dates: Plaintiff's case-in-chief — **Monday, November 23, 2026**; Defendant's case-in-chief — **Monday, December 21, 2026**; Parties' Rebuttal — **Monday, January 4, 2027**; and Supplemental Expert Reports — **Monday, January 18, 2027**.

(6) Any motion challenging the qualification(s) of any expert witness to offer opinion testimony, raised under *Daubert* or Rules 104(a), 702, and 703 of the Federal Rules of Evidence, must be filed no later than:[1]

(i) **Wednesday, March 10, 2027**, if the motion is filed by a party in connection with the party's dispositive motion. However, in the event discovery is extended, all such motions must be filed no later than **thirty (30) days** after the close of discovery;

(ii) **Wednesday, March 31, 2027**, if the motion is made by a party in response to a dispositive motion. However, in the event discovery is extended, the motion must be filed no later than **twenty-one days** after the dispositive motion deadline; or

(iii) **fourteen (14) days after notice of the pretrial conference order is entered**, if the motion relates to a trial witness or issue and if necessary, the motion will be heard at the pretrial conference.

Based upon the foregoing schedule, this case <u>tentatively</u>[2] should be ready for trial to commence on **Monday, May 3, 2027**, in the **Valdosta Division** of this Court, or as otherwise ordered by the Court.

All aspects of the previous scheduling order, (Doc. 22), remain in full force and effect unless modified herein.

**SO ORDERED**, this 9th day of September, 2026.

**<u>/s/ W. Louis Sands</u>**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

[1] *Daubert* motions must be filed as a separate motion and cannot be included or incorporated directly in a dispositive motion or a response to a dispositive motion.
[2] As explained at the initial discovery conference, the actual trial date will be known when the Parties receive the Notice of Pretrial Conference, which might state the proposed trial date listed herein or an earlier or later trial date.